UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAZZERICK LONG,

                Petitioner,              Case No. 1:08-cv-814

v.                                                Honorable Robert J. Jonker

CARMEN PALMER,

                Respondent.

_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, I recommend that the petition be dismissed for failure to raise a meritorious federal claim.

**Discussion**

  I.  Factual Allegations

Petitioner is presently incarcerated at the Michigan Reformatory. After pleading guilty, Petitioner was convicted in the Berrien County Circuit Court of armed robbery, in violation of MICH. COMP. LAWS § 750.529. (Pet. at 1., docket #1.) On February 10, 2003, the Berrien County Circuit Court sentenced Petitioner to ten years and six months to twenty years' imprisonment. (Attach. D to Pet., docket #1.)

Petitioner filed applications for leave to appeal in the Michigan Court of Appeals and Michigan Supreme Court, raising the following grounds for habeas corpus relief: (1) the trial court incorrectly scored his offense variables and departed from the sentencing guidelines; and (2) the failure to appoint appellate counsel violated the United States Constitution. The Michigan Court of Appeals and Michigan Supreme Court denied leave to appeal on February 11, 2004 and May 28, 2004, respectively. *See People v. Long,* No. 125702, 680 N.W.2d 898 (Mich. May 28, 2004). On or about November 23, 2004, Petitioner filed an application for habeas corpus relief in the Eastern District of Michigan. (*See* docket #1 in *Long v. Bell,* No. 2:04-cv-10326 (E.D. Mich. Dec. 6, 2007).) The Eastern District of Michigan conditionally granted habeas relief to Petitioner and ordered the State of Michigan to appoint appellate counsel for Petitioner or release him from its unlawful custody. (*See* dockets #17, 18 in *Long,* No. 2:04-cv-10326.)

The Berrien County Circuit Court appointed appellate counsel on January 14, 2008. (Attach. D to Pet.) Petitioner then appealed his sentence to the Michigan Court of Appeals and Michigan Supreme Court. On April 1, 2008, the Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented. (Pet. at 2; Attach. D to Pet.) The Michigan Supreme

Court denied leave to appeal on July 29, 2008 because it was not persuaded it should review the issue raised. (*Id.*) Petitioner did not seek certiorari in the United States Supreme Court; nor did he file a motion for relief from judgment under Michigan Court Rule 6.500 *et seq.*

In his *pro se* application for habeas corpus relief, Petitioner contends that he is entitled to re-sentencing because the trial court mis-scored offense variable (OV) 7 at sentencing. (Attach. C to Pet.) Specifically, Petitioner claims that he should not have been scored 50 points at OV 7 because his level of conduct during the offense did not rise to "sadism, torture or excessive brutality or conduct designed to substantially increase the fear and anxiety a victim suffered during the offense" under MICH. COMP. LAWS § 777.37(1)(a). (Attach. D to Pet.) Accordingly, Plaintiff states that he should have received zero points under OV 7.

II.     Standard of Review

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the "clearly established" holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey*, 271 F.3d at 655. In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Bailey*, 271 F.3d at 655; *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000). "Yet, while the principles of 'clearly established law' are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007). The inquiry is "limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time [the petitioner's] conviction became final." *Onifer v. Tyszkiewicz*, 255 F.3d 313, 318 (6th Cir. 2001). A decision of the state court may only be overturned if (1) it applies a rule that contradicts the governing law set forth by the Supreme Court, (2) it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result; (3) it identifies the correct governing legal rule from the Supreme Court precedent but unreasonably applies it to the facts of the case; or (4) it either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend a principle to a context where it should apply. *Bailey*, 271 F.3d at 655 (citing *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694; *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision

applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411; *accord Bell*, 535 U.S. at 699. Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 410.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster*, 324 F.3d at 429; *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989). Applying the foregoing standards under the AEDPA, I find that Petitioner is not entitled to relief.

### III.    Merits

Petitioner argues that the trial court's error in mis-scoring OV 7 of the Michigan Sentencing Guidelines entitles him to the re-sentencing of his conviction. (Attach. C to Pet.) In conducting habeas review, a federal court may grant a writ of habeas corpus only if the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Edwards v. Carpenter*, 529 U.S. 446, 454 (2000) (Breyer, J. & Stevens, J., concurring); *Robinson v. Stegall*, 355 F.3d 916, 917 (6th Cir. 2004). The Supreme Court has made it clear that "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("reemphasiz[ing] that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions") (citing *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) and *Pulley v. Harris*, 465 U.S. 37, 41 (1984)). Because Petitioner's claims do not implicate the

United States Constitution, laws, or treaties, they are not cognizable on federal habeas corpus review.

Claims concerning the improper scoring of sentencing guidelines are state law claims and are typically not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief); *Cheatham v. Hosey*, No. 93-1319, 1993 WL 478854, at *2 (6th Cir. Nov. 19, 1993) (departure from sentencing guidelines is an issue of state law, and, thus, not cognizable in federal habeas review); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (the sentencing guidelines establish only rules of state law). There is no constitutional right to individualized sentencing. *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). Moreover, a criminal defendant has "no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004); *accord Lovely v. Jackson*, 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987).

Although state law errors are generally not reviewable in a federal habeas proceeding, an alleged violation of state law "could, potentially, 'be sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment.'" *Koras v. Robinson,* 123 F. App'x 207, 213 (6th Cir. Feb. 15, 2005) (citations omitted); *see also Doyle*, 347 F. Supp. 2d at 485 (a habeas court "will not set aside, on allegations of unfairness or an abuse of discretion, terms of a sentence that is within state statutory limits unless the sentence is so

disproportionate to the crime as to be completely arbitrary and shocking.") (Citation omitted). A sentence may violate due process if it is based upon material "misinformation of constitutional magnitude." *Koras,* 123 F. App'x at 213 (quoting *Roberts v. United States,* 445 U.S. 552, 556 (1980)); *see also United States v. Tucker,* 404 U.S. 443, 447 (1972); *Townsend v. Burke,* 334 U.S. 736, 741 (1948). To prevail on such a claim, the petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence. *Tucker*, 404 U.S. at 447; *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984). *Koras,* 123 F. App'x at 213 (quoting *United States v. Stevens,* 851 F.2d 140, 143 (6th Cir. 1988)). A sentencing court demonstrates actual reliance on misinformation when the court gives "explicit attention" to it, "found[s]" its sentence "at least in part" on it, or gives "specific consideration" to the information before imposing sentence. *Tucker*, 404 U.S. at 444, 447.

In the present case, no "misinformation of constitutional magnitude" is present with regard to offense variable 7.[1] According to MICH. COMP. LAWS § 777.37(1)(a), the trial court scores fifty points when "a victim is treated with sadism, torture, or excessive brutality or conduct designed to substantially increase the fear and anxiety a victim suffered during the offense." Under MICH. COMP. LAWS § 777.37(3), "sadism" is defined as "conduct that subjects a victim to extreme or prolonged pain or humiliation and is inflicted to produce suffering or for the offender's gratification." Petitioner claims that his conduct did not rise to the level of "sadism" defined in MICH. COMP. LAWS § 777.37(3). At sentencing, the trial judge stated:

---

[1] In his application for habeas corpus relief, Petitioner does not specifically allege a violation of his Fourteenth Amendment or any other constitutional right. Rather, Petitioner only argues that the trial court's scoring was incorrect, and, thus, he is entitled to re-sentencing. (*See* Attach. C to Pet.) Because the Court must review a *pro se* pleading indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court will address Petitioner's ground for habeas corpus relief under the Eighth and Fourteenth Amendments.

> I believe that OV7 was properly scored. It[] states, "a victim was treated with terrorism, sadism, torture, or excessive brutality," for a scoring of 50 points. "Terrorism means conduct designed to substantially increase the fear and anxiety a victim suffers during the offense." Having been stripped and placed in a bathtub at gunpoint, having to sing Amazing Grace - some of them said they didn't - - they couldn't sing Amazing Grace, they didn't know the song, they certainly felt that they could be killed or certainly seriously injured throughout this ordeal. So it did lead to not only – to substantially increase their fear and anxiety they suffered, but also that there was extreme and prolonged humiliation, and was inflicted to produce suffering or for the offender's gratification. And especially leading Amber Ordiway, taking her by the wrist, Mr. Long, and taking her to a room or intending to take her to a bedroom where she certainly felt that she was going to be sexually assaulted.
>
> So I am going to overrule your objection. I'm going to leave OV7 at 50.

(Sentencing Tr. at 8-9 in *Long,* Case No. 2:04-cv-10326, docket #13.)[2]

In its decision, the trial court relied upon facts established at Petitioner's sentencing rather than false information. The trial court's determination of the facts was reasonable. *See* 28 U.S.C. § 2254(d)(2). As previously stated, violations of state law and procedure, which do not infringe specific constitutional protections, are not cognizable claims under § 2254. *Cook,* 56 F. Supp. 2d at 797 (citing *Estelle*, 502 U.S. at 67-68). The trial court's interpretation of Petitioner's treatment of the victims did not infringe upon his due process rights.

Further, the allegedly false information was not material. Petitioner's sentence of ten years and six months to twenty years' imprisonment is within the statutory limits for armed robbery, MICH. COMP. LAWS § 750.529: life or for any term of years. Although all sentencing judges are required to consult the sentencing guidelines, they are not required to adhere to them. *Johnson v.*

---

[2] This Court notes that the Michigan Legislature amended MICH. COMP. LAWS § 777.37(1)(a) to remove the word "terrorism" from OV 7 on April 22, 2002, prior to Petitioner's sentencing on February 10, 2003. "Terrorism," however, was simply replaced with "conduct designed to substantially increase the fear and anxiety a victim suffered during the offense." *See* MICH. COMP. LAWS § 777.37(1)(a). As the trial judge stated, "[t]errorism means conduct designed to substantially increase the fear and anxiety a victim suffers during the offense." (Sentencing Tr. at 8 in *Long,* Case No. 2:04-cv-10326, docket #13.) Although the trial judge incorrectly referenced "terrorism", the trial judge used the correct standard for OV 7.

*Abramajtys*, No. 91-1465, 1991 WL 270829, at *10 (6th Cir. Dec. 17, 1991) (citing *People v. Potts*, 461 N.W.2d 647, 650 (Mich. 1990)). The Michigan guidelines are merely "a tool to assist the sentencing judge in the exercise of discretion." *Id*. As stated above, Petitioner has no constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations. *Doyle,* 347 F. Supp. 2d at 485. Accordingly, I recommend that Petitioner is not entitled to habeas relief under the Fourteenth Amendment.

Petitioner's implied Eighth Amendment claim also lacks merit. The United States Constitution does not require strict proportionality between a crime and its punishment. *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991); *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *Marks*, 209 F.3d at 583; *see also Lockyer v. Andrade*, 538 U.S. 63, 77 (2003) (gross disproportionality principle applies only in the extraordinary case); *Ewing v. California*, 538 U.S. 11, 36 (2003) (principle applies only in "'the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality'") (quoting *Rummel v. Estelle*, 445 U.S. 263, 285 (1980)). A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)). Ordinarily, "[f]ederal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole." *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). Petitioner was not sentenced to death or life in prison without the possibility of parole, and his sentence for each conviction falls within its

maximum penalty under state law. Petitioner therefore does not present the extraordinary case that runs afoul of the Eighth Amendment's ban of cruel and unusual punishment.

### Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be summarily dismissed pursuant to Rule 4 because Petitioner fails to raise a meritorious federal claim. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated:  December 3, 2008                    /s/ Hugh W. Brenneman, Jr.
                                            HUGH W. BRENNEMAN, JR.
                                            United States Magistrate Judge


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).